*301 OPINION.
Lansdon :
The evidence discloses that at March 1, 1919, and February 17, 1920, the petitioner purchased shares of stock of the Lyman-Richey Sand Co. and gave his notes therefor in the respective amounts of $31,590 and $45,800. The stock certificates representing such purchases were attached to the notes as collateral to secure the payment thereof, and dividends accruing to the petitioner by reason of such purchases and stock ownership were assigned to the corporation to be applied to the principal of the notes. Prior to January 1, 1923, the petitioner was credited with certain payments on such notes which reduced his obligations to the amount of $49,787 at that date.
By regular corporate action on November 21, 1922, the Lyman-Richey Sand Co. declared a dividend of 40 per cent on its capital stock outstanding at January 2, 1923. By this action the petitioner at that date became entitled to receive a dividend from such company in the amount of $61,120. He received this amount in the taxable year in two payments, viz, cash in the amount of $11,333 and a credit against his indebtedness to the corporation for stock as set forth above in the amount of $49,787.
The petitioner contends that the credit of $49,787 should be regarded as part of a stock dividend transaction and therefore not taxable under the decision of the Supreme Court in Eisner v. Macomber, *302 252 U. S. 189, and several other cases. In our opinion there is nothing in the record to support this theory. At November 22, 1922, the corporation had surplus and undivided profits more than equal to the dividend declared. The fact that a substantial part of its assets consisted of bills receivable owing to it by its own directors and shareholders did not hinder, but rather facilitated the distribution of the dividends declared since it made it unnecessary to borrow funds or convert inventories or other property into cash for such purposes. It is hardly tenable that in March of 1919 and 1920 the corporation declared and issued stock dividends against surplus that could then be foreseen as resulting from future profits. Stock dividends are not charges against future earnings, but against surplus already accumulated. The simple facts here are that the petitioner purchased certain shares of stock which were issued in his name, gave his notes therefor with the stock certificates attached as collateral security, and later paid his notes out of the dividends received from the corporation.
The evidence is clear that the petitioner paid no interest to the corporation in the taxable year. The amount of $3,981 was a part of the unpaid balance of the petitioner’s notes. Its allowance as a deduction from petitioner’s income in the taxable year was erroneous and it should be added to income.
If the amount of $49,187 had been paid the petitioner in cash and he had then paid his indebtedness to the corporation and received his notes and shares of stock as evidence of such payment, there would have been no question of a stock dividend. In effect this is what was done, even though a part of the payment took the form of bookkeeping entries which reduced the petitioner’s obligations in the amo.unt of $49,787, and correspondingly reduced the surplus account of the corporation. In our opinion the petitioner received dividends from the Lyman-Bichey Sand Co. in the taxable year, subject to surtax rates in effect at that time, in the amount of $61,120.

Decision will he entered under Bule 50.